**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JASON LEE BRYSON
ADC #116940                                                                                                    PLAINTIFF

V.                                            2:11CV00031 JLH/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                                         DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Jason Lee Bryson, is a prisoner at the East Arkansas Regional Unit of the Arkansas Department of Correction. In this § 1983 action he alleges that Defendants violated his constitutional rights. *See* docket entries #1 and #6. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.

## II. Discussion

Plaintiff contends that, on November 23, 2010, Defendants violated his Fourteenth Amendment right to due process when they wrongfully convicted him of several disciplinary charges for fighting with another inmate. *See* docket entries #1 and #6. As a result of that disciplinary conviction, Plaintiff lost 149 days of good time credit, was reduced in class, and

confined in punitive isolation for 30 days. [1] *Id.*  By way of relief, Plaintiff asks the Court for monetary damages, as well as the restoration of his good time credits.

A prisoner may only maintain a due process challenge to a disciplinary conviction if he is deemed to have a liberty interest at stake. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003).   It is well settled that an inmate does not have a liberty interest in maintaining a particular classification level.  *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris*, Case No.  05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).

Similarly, in *Sandin* and its progeny, the Court held that a prisoner does *not* have a liberty interest arising from being placed in punitive isolation for a relatively short period of time.  *See Sandin*, 515 U.S. at 482-86 (holding that the due process clause applies only when prison officials impose an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life"); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship, under *Sandin*).

In contrast, a prisoner does have a protected liberty interest in good time credits.  *Preiser v. Rodriguez,* 411 U.S. 475 (1973).  However, because good time credits affect the length of a prisoner's sentence, an inmate must pursue the restoration of his good time credits in a federal

---

[1] Plaintiff also challenges the validity of his disciplinary conviction under the Cruel and Unusual Punishment Clause of the Eighth Amendment.  *Id.*  However, the Eighth Circuit has held that placement in punitive isolation, standing alone, does not constitute cruel and unusual punishment.  *See Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (holding that an allegedly false disciplinary conviction that resulted in an inmate being required to spend thirty-seven days in punitive isolation -- without any yard call, visitation, or chapel privileges -- did not rise to the level of an Eighth Amendment violation); *Brown v. Nix*, 33 F.3d 951, 955 (8th Cir. 1994) (holding that placement in punitive isolation for nine years, as result of several disciplinary convictions, did not violate the Eighth Amendment); *Eugene v. Klecker*, 636 F.2d 250, 251 (8th Cir. 1980) (holding that the loss of good time credits, as a result of an allegedly false disciplinary conviction, was not an Eighth Amendment violation).

habeas action, not a civil rights action. *Id.*  Importantly, the Supreme Court has extended this holding to cases in which a prisoner seeks damages, in lieu of or in addition to the restoration of good time credits. *Heck v. Humphrey*, 512 U.S. 477 (1994) (providing that, if an award of damages to a prisoner in a civil rights action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim could be brought until the conviction or sentence was reversed, expunged, or called into question by a state tribunal or federal habeas court); *Edwards v. Balisok*, 520 U.S. 641 (1997) (applying the *Heck* holding to prison disciplinary convictions); *Portley -El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002) (same).

Accordingly, Plaintiff's challenge to his disciplinary conviction should be dismissed, without prejudice, so that he can pursue his state court remedies aimed at having it reversed, expunged, or called into question.  If those state remedies are unsuccessful, Plaintiff may then file a federal habeas action.  Only *after* Plaintiff has prevailed in overturning his disciplinary conviction, in either state or federal court can he file a § 1983 action for damages.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, because Plaintiff has failed to state a claim upon which relief may be granted.

2. The dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal taken from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this *28th* day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE